UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMERGENCY RECOVERY, INC. and
SOLATIUM HEALTHCARE, LLC

      Plaintiffs,

v.                                                           Case No.  8:19-cv-329-T-24JSS

BRYAN HUFNAGLE and JOSEPH KING,

      Defendants.
_____/

**DEFENDANTS' MOTION TO ALTER OR AMEND ORDER OF DISMISSAL
WITHOUT PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

Defendants BRYAN HUFNAGLE and JOSEPH KING, by and through counsel, pursuant to Fed. R. Civ. P. 59(e), move this Honorable Court to alter or amend its Order dismissing the case without prejudice (Doc. 118) and as grounds therefor allege:

**I.     Introduction**

Defendants respectfully contend that this Court must alter or amend its Order dismissing this case without prejudice because:

    a.    It has overlooked more recent Eleventh Circuit precedent determinative of the relevant issues;

    b.    The Court's observation in its Order that Defendants' attorneys' work in the instant case would be useful in the parallel state court action and that "Defendants have not argued otherwise" is incorrect on both scores; and

c.      Entitlement to an award of attorneys' fees triggered by this dismissal is a substantive matter and therefore governed by controlling Florida law precedent mandating an attorney fee award.

## II.     Fed. R. Civ. P. 59(e) Furnishes the Appropriate Vehicle to Reconsider the Order of Dismissal

Fed. R. Civ. P. 59(e) authorizes a party to move to alter or amend a judgment. While the order of dismissal is not denominated as a judgment, it is the equivalent of one because it is a final order fully disposing of the present case and directing the clerk to close it.

The body of case law that has considered the propriety of allowing a dismissal with or without conditions has uniformly involved an appellant taking an appeal from a dismissal order, whether a plaintiff appealing a denial of a motion to dismiss or a defendant appealing the granting of a motion to dismiss without prejudice and without conditions. See e.g. Arias v. Cameron, 776 F.3d 1262 (11th Cir. 2015). If an order of dismissal without prejudice is an appealable order, it follows that Fed. R. Civ. P. 59(e) is an appropriate procedural vehicle to reopen the order for further consideration. In Goodwin v. Reynolds, 757 F.3d 1216 (11th Cir. 2014) the Eleventh Circuit took up a defendant's appeal from a dismissal order after that defendant had first pursued a motion to alter or amend the dismissal order (i.e., a Rule 59(e) motion).[1] Accordingly, the merits of this motion are properly before the Court.

---

[1] Defendants acknowledge case law seemingly holding that orders granting a voluntary dismissal without prejudice are not appealable. See Versa Products v. Home Depot, USA, Inc., 387 F.3d 1325, 1327 (11th Cir. 2004). That case and its progeny are inapposite because these cases involve a plaintiff saddled with conditions placed upon a dismissal order trying to wiggle out of such conditions. The undersigned's research failed to disclose any cases refusing to allow a defendant to appeal from a dismissal order of this type.

### III. <u>Argument</u>

Although the Court cites to <u>Pontenberg v. Boston Sci. Corp.</u>, 252 F.3d 1253 (11th Cir. 2005) as favoring voluntary dismissals without prejudice, it appears to have overlooked more recent Eleventh Circuit cases, including <u>Stephens v. Ga. DOT</u>, 134 Fed. App'x 320 (11th Cir. 2005); <u>Mosley v. JLG Indus.</u>, 189 Fed. App'x 874 (11th Cir. 2006); <u>McBride v. JLG Indus.</u>, 189 Fed. App'x 876 (11th Cir. 2006), and <u>In re Bayshore Ford Trucks Sales, Inc.</u>, 471 F.3d 1233 (11th Cir. 2006), which clearly did not favor voluntary dismissals without prejudice for multiple reasons including the passage of time, completion of extensive discovery, pending motions for summary judgment, and case readiness for trial.  Furthermore, the Court has apparently decided to follow the reasoning in <u>Brown v. ITPE Health & Welfare Fund</u>, No. 2:05-cv-1002-ID, 2006 WL 2711511, at *2 (M.D. Ala. Sept. 21, 2006) rather than the Middle District decisions of <u>Hall v. Sunjoy Indus. Group, Inc.</u>, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) and <u>M&L Restaurant Group, LLC v. Atif Hospitality Concepts, LLC</u>, Case No. 8:17-cv-2119-T-33TGW without stating any reason for doing so.

The Court states at page 4 of its order that, "Plaintiffs correctly argue that all work performed by Defendants' attorneys in this case has been, and will continue to be, useful towards the resolution of Defendants' second-filed parallel action in Florida state court.  Defendants have not argued otherwise."  However, the Court overlooks the fact that Defendants did not argue otherwise because this argument was raised for the first time by Plaintiffs in their reply and Defendants were never afforded the opportunity to respond to this false argument.  In this case, the Court has repeatedly permitted Plaintiffs to file replies to Defendants' responses which raise new arguments, thereby giving Plaintiffs' the last and only word on a particular subject.

Furthermore, the statement by the Court referred to in the preceding paragraph is incorrect. <u>All</u> work performed by Defendants' attorneys in this case will <u>not</u> be useful towards the resolution of Defendants' second filed "parallel action" in Florida state court.  There is no parallel.  There are no trade secret claims asserted in the state action.  There are no parallel claims being asserted by Plaintiffs as counterclaims in the state court action.  The only claims being asserted in the state court action are by the Defendants for payment of unpaid wages, which are not asserted as counterclaims in this case.  There is literally <u>no</u> overlap or parallel between the claims asserted in this federal case and the claims asserted in the state court action.  A copy of the filed complaint in the state court case is attached as Exhibit 1 as confirmation that it is not a parallel case to this one.

Although the method of dismissal may be a procedural matter, entitlement to an award of attorney's fees is a substantive matter and is therefore governed under the <u>Erie</u> doctrine by state law.  In this case, Plaintiffs brought not only a DTSA claim, but also a Florida Uniform Trade Secrets Act ("FUTSA") claim.  This Court apparently overlooked a controlling decision under Florida law that held that a voluntary dismissal by a plaintiff of a FUTSA claim is enough to trigger an award of attorney's fees if bad faith is shown.  <u>HRTD Group Hong Kong, Ltd. v. Spinal Decompression Indus., LLC</u>, 2014 Fla Cir. LEXIS 39560, *5 (Circuit Court of the Thirteenth Judicial Circuit of Florida, February 4, 2014).  To make this point even more obvious, under Florida law, court permission is not required to obtain a voluntary dismissal without prejudice.  <u>See</u> Fla. R. Civ. P. 1.420(a)(1).  Nonetheless, a court in which a FUTSA claim has been brought retains jurisdiction to award attorney's fees if bad faith for the filing or continued maintenance of the action can be shown and retains jurisdiction to determine if bad faith exists for the purpose of awarding attorneys' fees.  This Court is obligated to follow that substantive Florida law and retain jurisdiction to determine if there has been bad faith by

Plaintiffs in initiating or maintaining this litigation and then make an appropriate award of fees if it finds bad faith. Defendants have provided ample evidence to support a finding of bad faith.

**WHEREFORE**, Defendants request rehearing and that this Honorable Court set aside its Order (Doc. 118) and deny the motion for voluntary dismissal without prejudice. If it will not deny the motion for voluntary dismissal without prejudice, Defendants request the Court grant the motion for voluntary dismissal, but with prejudice. If the Court will not deny the motion for voluntary dismissal without prejudice or grant the motion for voluntary dismissal but with prejudice, then Defendants request the Court grant the motion for dismissal without prejudice but retain jurisdiction in accordance with state law to determine whether there was bad faith in the dismissal justifying an award of attorneys' fees pursuant to state law.

/s/ *Lee L. Haas*
LEE L. HAAS, B.C.S.
Florida Bar No.: 378119
MARCUS A. CASTILLO, B.C.S.
Florida Bar No.: 374733
Haas & Castillo, PLLC
19321-C U.S. 19 North, Ste. 401
Clearwater, Florida 33764
Lee@haas-castillo.com
Marcus@haas-castillo.com
service@haas-castillo.com
Telephone: (727) 535-4544
Facsimile: (727) 535-1855
Counsel for Defendants Hufnagle & King

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to CM/ECF participant: David M. Zack, Esquire, Blevins Sanborn Jezdimir Zack PLC, 1842 Michigan Ave., Detroit, MI 48216 (dzack@bsjzlw.com).

                                                /s/ *Lee L. Haas*
                                                LEE L. HAAS, B.C.S.