UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMERGENCY RECOVERY, INC. and
SOLATIUM HEALTHCARE, LLC

    Plaintiffs,

v.                                                   Case No.  8:19-cv-329-T-24JSS

BRYAN HUFNAGLE and JOSEPH KING,

    Defendants.
_____/

**DEFENDANTS' MOTION TO ALTER OR AMEND ORDER OF DISMISSAL WITHOUT PREJUDICE (DOC. 152) WITH INCORPORATED MEMORANDUM OF LAW**

Defendants BRYAN HUFNAGLE and JOSEPH KING, by and through counsel, pursuant to Fed. R. Civ. P. 59(e), move this Honorable Court to alter or amend its Amended Order dismissing the case without prejudice (Doc. 152) and as grounds therefor state:

**I.    INTRODUCTION**

Defendants respectfully contend that this Court must alter or amend its Amended Order dismissing this case without prejudice because it exceeded the scope of the remand by the Eleventh Circuit and because its imposition of the condition that Plaintiffs pay Defendants' attorneys' fees only in the event of a re-

filed federal action is an illusory condition that does not sufficiently weigh the equities nor do justice. Moreover, given the circumstances as explained below, the Court has not sufficiently explained why deferring payment of Defendants' incurred attorneys' fees is equitable or just.

## II.  FED. R. CIV. P. 59(e) FURNISHES THE APPROPRIATE VEHICLE TO RECONSIDER THE ORDER OF DISMISSAL

Fed. R. Civ. P. 59(e) authorizes a party to move to alter or amend a judgment. While the order of dismissal is not denominated as a judgment, it is the equivalent of one because it is a final order fully disposing of the present case and directing the clerk to close it. The body of case law that has considered the propriety of allowing a dismissal with or without conditions has uniformly involved an appellant taking an appeal from a dismissal order, whether a plaintiff appealing a denial of a motion to dismiss or a defendant appealing the granting of a motion to dismiss without prejudice and without conditions. *See e.g., Arias v. Cameron*, 776 F.3d 1262 (11th Cir. 2015). If an order of dismissal without prejudice is an appealable order, it follows that Fed. R. Civ. P. 59(e) is an appropriate procedural vehicle to reopen the order for further consideration. In *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014), the Eleventh Circuit took up a defendant's appeal from a dismissal order after that defendant had first pursued a motion to alter or amend the dismissal order (i.e., a Rule 59(e) motion).

This Court adjudicated Defendants' pre-appeal Rule 59(e) motion and should give this motion the same consideration.

## III. PROCEDURAL BACKGROUND

Following remand from the Eleventh Circuit and in accordance with its opinion, this Court ordered (Doc. 140) the parties to brief whether the work done by Defendants could be recycled in the related state court case. After the parties responded, this Court then ordered (Doc. 147) briefing on the issue whether the work was reusable in a hypothetical re-filed federal action, which was not part of the Eleventh Circuit's opinion or instruction on remand. On November 1, 2021, this Court entered its Amended Order (Doc. 152), again dismissing the case without prejudice. However, this Order was materially different than the previous dismissal order (Doc. 118). In the order after remand, this Court found:

- That Defendants incurred "considerable expense" in defending this case. (Doc. 152 at pg. 9)

- That Defendants' attorneys were not entitled to recover costs (including fees) for work related to the breach of contract claims which were the extent of the overlap between the federal and state lawsuits. (Doc. 152 at pg. 10).

- That the work performed by Defendants' attorneys defending Plaintiffs' misappropriation of trade secrets and tortious interference claims and

Plaintiffs' motion for preliminary injunction would not be useful in the state court action.

In its Amended Order, this Court acknowledged *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir. 1986), which held that if a defendant has been put to considerable expense, then the court ordinarily should enter a dismissal without prejudice on the condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation including attorney's fees. This Court seemingly agreed, after remand from the Eleventh Circuit, that imposition of a cost/fee condition is appropriate, but rather than impose it as a condition of dismissal, chose instead to require payment only if Plaintiffs re-file their case in federal court. As Defendants explain below, such re-filing in federal court will never happen.

## IV. ARGUMENT

Plaintiffs' Second Amended Complaint alleged misappropriation of trade secrets, breach of contract, and tortious interference with business relations. The misappropriation claims were broken down into counts alleging violations of the Defend Trade Secrets Act ("DTSA"), the sole basis for federal jurisdiction, and Florida's version of the Uniform Trade Secrets Act ("FTSA") against each Defendant. By allowing Plaintiffs to voluntarily dismiss their case and condition

payment of Defendants' considerable fees upon a re-filing in federal court, this Court exceeded the scope of the limited remand by the Eleventh Circuit, which was to "address what portion of the work performed by the executives' attorneys in the federal litigation will be useful in the state court litigation, explaining the basis for its decision." (Opinion at p. 15). "A district court is bound to the scope of the remand issued by the court of appeals." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). Furthermore, even if the Eleventh Circuit's remand was not limited, because Plaintiffs will never re-file in federal court, this Court committed reversible error by conditioning payment on an illusory event.

According to the Second Amended Complaint, the only alleged act of misuse of a trade secret occurred on January 7, 2019. (Doc. 13 at ¶40). The statute of limitations on a DTSA claim is three years. 18 U.S.C. §1836. Accordingly, Plaintiffs have only a matter of weeks left until any DTSA claim would be time barred in a re-filed federal action, which would also prevent this Court from exercising jurisdiction over their pendent state law claims. It is obvious that Plaintiffs have no intention of ever pursuing the trade secret misappropriation, tortious interference or injunctive relief claims in the future. Over nearly three years of litigation, Plaintiffs have never asserted a counterclaim in the state court action. Plaintiffs could have asserted a DTSA or FTSA claim,

either in the state court case or a refiled federal case, over a year and a half ago when the first dismissal order was entered. Given their claim of tens of millions of dollars in damages, why did they not do so? The answer is obvious. As set forth in Defendants' Motion for Summary Judgment (Doc. 100) and Motion in Limine (Doc. 101), Plaintiffs are incapable of actually proving a trade secret, incapable of proving misappropriation of any alleged trade secret, incapable of proving their damages resulting from any alleged misappropriation, and woefully unable to prove a basis for a preliminary injunction based on a restrictive covenant.[1] At minimum, one would think that Plaintiffs would at least make the trade secret allegations the basis for their recoupment and setoff affirmative defenses in the state court action. And yet, the amended affirmative defenses recently filed by Plaintiffs in the state court case (after their original affirmative defenses were stricken by court order) make no mention whatsoever about misappropriation of a trade secret, tortious interference with business relationships, or any identifiable damages flowing from the breach of a covenant not to compete. (See Exhibit "A"). These circumstances clearly demonstrate that Plaintiffs never took these claims seriously and not only have no intention of

---

[1] If Plaintiffs were serious about their motion for preliminary injunction, they would have acted on it in state court to avoid what would now be a fatal laches defense.

mentioning them in the state court case, but they will also never pursue the claims again in federal court.

When this case was before the Eleventh Circuit, the panel observed that the proper exercise of discretion requires a district court to sufficiently explain its decision. (Opinion at page 13, citing *Friends of the Everglades v. South Florida Water Management District*, 678 F.3d 1199, 1201 (11th Cir. 2012)). The remote, if not non-existent, possibility of a federal re-filing is a fact before this Court that should be further considered and, if that fact does not sway this Court to impose the payment of fees <u>now</u> as a condition of dismissal, then such decision must be explained to survive appellate review. As a predicate to the explanation of such condition, Plaintiffs should tell this Court in response to this motion whether they intend to re-file in federal court. If Plaintiffs avoid the issue, this Court should either require Plaintiffs to state their intentions or take such silence as confirmation of Defendants' contention that the possibility of a re-filing is non-existent.

In *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001), quoting from *McCants*, the court directed the district courts to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to such dismissal as are deemed appropriate."

In *Trujillo v. Banco Centro del Ecuador*, 379 F.3d 1298 (11th Cir. 2004), the court affirmed a district court's decision requiring the payment of attorneys' fees and costs in the same case as a condition of voluntary dismissal. Other district courts within the Eleventh Circuit, following the lead of *Trujillo*, have not hesitated to condition voluntary dismissals upon payment of attorneys' fees and costs incurred by defendants in the <u>same</u> case, the remedy Defendants seek. *Gilchrist v. CitiFinancial Services*, No. 6:06-cv-1727-Orl-31KRS 2007 U.S. Dist. LEXIS 102269 (M.D. Fla. Jan. 11, 2007); *Nichols v. Comty. Bank & Trust of Southeast Ala.*, No. 13-00113-KD-M, 2013 U.S. Dist. LEXIS 119298 (S.D. Ala. Aug. 21, 2013); *Pohl v. MH Sub I, LLC*, 407 F. Supp. 3d 1253 (N.D. Fla. 2019); *Gardens v. Atain Specialty Ins. Co.*, No. 18-22232-Altonaga/Goodman, 2019 U.S. Dist. LEXIS 58453 (S.D. Fla. Jan. 7, 2019). Defendants have consistently maintained that the facts in this case equal or exceed the facts and the factors considered in these and similar cases where <u>same</u> case awards were ordered.

<u>**Local Rule 3.01(g) Certification**</u>

The undersigned certifies that the movant has conferred with the opposing party through an exchange of emails. Plaintiffs oppose this motion.

WHEREFORE, Defendants move this Honorable Court to alter or amend the order dismissing this case without prejudice and, after noting the circumstances set forth above, now order that Plaintiffs pay Defendants' fees and costs in an amount to be determined as a condition of dismissal.

/s/ *Marcus A. Castillo*
MARCUS A. CASTILLO, B.C.S.
Florida Bar No.: 374733
LEE L. HAAS, B.C.S.
Florida Bar No.: 378119
Haas & Castillo, PLLC
19321-C U.S. 19 North, Ste. 409
Clearwater, Florida 33764
Marcus@haas-castillo.com
Lee@haas-castillo.com
service@haas-castillo.com
Telephone: (727) 535-4544
Facsimile: (727) 535-1855
Counsel for Defendants Hufnagle & King

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 29, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participant: David M. Zack, Esquire, Blevins Sanborn Jezdimir Zack PLC, 1842 Michigan Ave., Detroit, MI 48216 (dzack@bsjzlw.com).

/s/ *Marcus A. Castillo*
MARCUS A. CASTILLO, B.C.S.